**DEBEVOISE & PLIMPTON LLP**

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

April 17, 2007

BY ELECTRONIC CASE FILING AND FACSIMILE

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
U.S. District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY  11722-4438

**In re MetLife Demutualization Litigation**
**00 CV 2258**

**DEFENDANTS' UNOPPOSED URGENT REQUEST TO**
**IMMEDIATELY SEAL DOCUMENT NO. 273**

Dear Judge Tomlinson:

> We represent defendants.  Yesterday evening, plaintiffs' counsel filed (one business day late) a letter (Doc. 273) requesting *in camera* review of certain redacted documents pursuant to Your Honor's March 30 order.

> Most of the documents produced by defendants in this action were produced in imaged form and then, at plaintiffs' request, in a text-searchable database.  Plaintiffs point out that the language redacted from one of the imaged documents was included in the text-searchable version of the production.  They have attached to their letter at pages 15-18 (as the second attachment marked "Attachment 1") the unredacted version containing the inadvertently produced material.  We are currently in the process of investigating how this inadvertent production happened, but we wanted to bring this to Your Honor's attention immediately to prevent further dissemination of the document. We received no notice of this error until we received plaintiffs' filing last night.

> The redacted portion contains privileged information, as it describes the substance of a request for legal advice to Ira Friedman, Esq., a lawyer in MetLife's legal department, and Mr. Friedman's response, regarding whether or not certain proposed actions concerning dividends required formal Board of Directors approval.  Even if

The Honorable A. Kathleen Tomlinson        2                                April 17, 2007

plaintiffs dispute that this is privileged, it is improper for them to attach inadvertently produced material to a public filing before the dispute is resolved. Your Honor's order called for *in camera* inspection, not public inspection. While defendants do not see any relevance of the document to the issues in this action, defendants intend to take all steps necessary to preserve applicable privileges.

Defendants respectfully request that Your Honor immediately direct the Clerk to place plaintiffs' letter (Doc. 273 on the docket) under seal and prevent further access by the public until defendants have had an opportunity to respond to plaintiffs' designations and the Court has resolved the dispute over the propriety of the redaction. We note that defendants' response to the letter is due on April 30 by the terms of the March 30 order. Defendants would not object to the filing of a redacted version of plaintiffs' letter for the public record, either omitting the entire attachment at pages 15-18 or removing the boxed text in that attachment on page 17.

We have contacted counsel for the plaintiffs by email and telephone. Although plaintiffs take the position (which defendants dispute) that privilege has been waived, they have stated that they do not oppose our request to place the document under seal.

                                                Respectfully yours,

                                                s/ Carl Micarelli

                                                Carl Micarelli

cc:     Eric Newman, Esq.