UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

In Re METLIFE                                    CV 00-2258
DEMUTUALIZATION                                  (TCP)(AKT)
LITIGATION

                                                 **MEMORANDUM** and
                                                 **ORDER**

-----------------------------------------------X

PLATT, District Judge.


        Defendant Metropolitan Life Insurance Company ("MetLife") asks this Court to

reconsider its July 19, 2005 Order certifying a class in this action, in light of a recent Second

Circuit opinion changing the rules for certifying classes.[1]  MetLife makes three arguments why

this Court should deny class certification upon consideration of the merits of plaintiffs' claims

insofar as they overlap with class certification requirements.  First, four of the class

representatives' deposition testimony shows that they did not rely on the alleged

misrepresentations and omissions.[2]  Second, individual issues of reliance and differences in

dividend treatment between individual and institutional policyholders are likely to predominate

over common issues.  Third, plaintiffs are not adequate class representatives because many of the

---

        [1]In In re Initial Public Offering Sec. Litig., 471 F.3d 24 (2d Cir. 2006) ("IPO"), the
Second Circuit changed the evidentiary standards for class certification.  Previously, district
courts applied the "rigorous analysis" and "some showing" standards for class certification, and
were prohibited from considering the merits of a case.  After IPO, a district court is required to
address the merits where they overlap with elements of class certification.  IPO at 41.

        [2]MetLife contends that Darren Murray, Mary DeVito, Michael Giannattasio, Kevin Hyms
and Harry Purnell do not meet their burden of establishing that they relied on the alleged
omissions and misstatements in the Prospectus.  See Appx. C at 19-21.  In its July 19, 2005
Order, the Court held that Darren Murray was not an adequate class representative.  See July 19,
2005 Order at 17-18.

1

class members benefitted from the inclusion of a ten-share fixed allocation, about which

plaintiffs complain.

As the Court sees it, the most significant factor in the class certification analysis is

that this is a case primarily involving omissions, and individual proof of reliance is not required

under the circumstances.  Hence, the Court finds no basis on which to change its prior decision.

In cases primarily involving omissions, as here[3], the law is clear that proof of

individual reliance does not impair class certification.  See Affiliated Ute, 406 U.S. 128, 153-54

(1972) (stating, in the context of determining whether a Rule 10b-5 violation occurred, that

"[u]nder the circumstances of this case, involving primarily a failure to disclose, positive proof of

reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be

material in the sense that a reasonable investor might have considered them important in the

making of this decision."); Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 446 (E.D.N.Y.

1995), citing Fisher v. Plessey Co. Ltd., 103 F.R.D. 150, 156 (S.D.N.Y. 1984) (stating that the

"existence of the reliance element is presumed without positive proof where, as here, the alleged

violation consists of withholding material information.").  Thus, in this case, the Court finds the

---

[3]This case involves primarily a failure to disclose.  Plaintiffs allege three material
omissions and one misrepresentation in MetLife's Prospectus: "(i) omitting to state that the
actuarial method used to calculate policyholders' contributions to MetLife's surplus arrived at a
value of $15,300,000,000, far higher than the $8,400,000,000 in stock that these policyholders
received as compensation; (ii) omitting to state that MetLife's method of reorganization, an
exchange of policies for stock with the right to elect cash, as opposed to an exchange of policies
for cash with the right to elect stock, was chosen for the benefit of MetLife and not the
policyholders, because Plaintiffs would allegedly have received double the compensation under
the latter method; (iii) omitting to state that policyholders would surrender their right to annual
dividends from their contributions to MetLife's surplus; and (iv) misstating that reasonable
dividends would 'continue to be paid as declared,' when in Plaintiffs' view the assets allocated to
pay dividends had been limited."  In re MetLife Demutualization Litig., 322 F.Supp.2d 267, 268-
69 (E.D.N.Y. 2004).

alleged omissions and misstatements in the Prospectus to be material in the sense that a

reasonable investor might have considered them important in making his or her decision.[4]  See

Chris-Craft Industries, Inc. v. Piper Aircraft Corp., 480 F.2d 341, 362-65 (2d Cir. 1973)

(discussing materiality and finding certain omissions in registration statement to be material).

> Moreover, MetLife's assertion that the testimony of four named plaintiffs

indicates that they did not rely on the alleged misstatements or omissions is irrelevant here

because the demutualization was the result of a majority vote where nearly 2,800,000

policyholders voted.  See Amended Compl. at ¶ 41.  Hence, lack of reliance by a few individuals

is inconsequential.  See Herbst v. Int'l Tel. and Tel. Corp., 495 F.2d 1308, 1316 (2d Cir. 1974)

(stating, in authorizing the maintenance of a class action, that "[h]ere as in Chris-Craft and Mills

the reliance of the individual shareholder is irrelevant.  Here as in those cases plaintiff was

damaged only if significant numbers of shareholders might have acted differently if they had

known the truth.")  In the event MetLife may be able to rebut the presumption of reliance as to

specific class members, the Court at a later stage has the option of ordering separate hearings on

that particular issue.[5]  See, e.g., Walsh, 162 F.R.D. at 446-47; Dura-Bilt, 89 F.R.D. at 98.

Therefore, MetLife is incorrect when it re-argues that issues of individual reliance predominate

over common issues to impair class certification.

---

[4]For purposes of class certification, "materiality presents an issue common to all members
of the proposed class."  See Walsh, 162 F.R.D. at 446, quoting Fisher, 103 F.R.D. at 155
(S.D.N.Y. 1984); Dura-Bilt Corp. v. Chase Manhattan Corp., 89 F.R.D. 87, 98 (S.D.N.Y. 1981).

[5]In this respect, the Court observes the Second Circuit's language that "[t]he finding of
materiality by its very nature establishes that the information omitted would have been
considered important by investors generally.  It thus will be only the unusual case in which
compatible findings of materiality and nonreliance can be made."  DuPont III v. Brady, 828 F.2d
75, 78 (2d Cir. 1987).

Equally unavailing is MetLife's assertion that plaintiffs are not adequate class representatives because many of the class members benefitted from the inclusion of a ten-share fixed allocation, about which plaintiffs complain. As the Court previously held in a similar context, this allegation does not impede class certification, because "[t]he proper inquiry is whether the members of the class have the same or similar injury, ... and whether other class members have been injured by the same course of conduct," and not whether there exist potential differences in the amount of damages.[6] Walsh, 162 F.R.D. at 447, quoting Dura-Bilt, 89 F.R.D. at 99.

Indeed, the Second Circuit and the courts within that umbrella have consistently held that a difference in the amount of damages does not impede class certification. See In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 139 (2d Cir. 2001) (noting that a potential difference in the damages awarded to class members is not a bar to class certification); In re Arakis Energy Corp. Sec. Litig., 1999 U.S. Dist. LEXIS 22246 at *36 (E.D.N.Y. 1999) (finding that "any potential antagonism within the proposed class regarding damages is outweighed by the shared interest of potential class members in demonstrating fraud on the part of defendants"); Dura-Bilt, 89 F.R.D. at 99 (stating that "a difference in the amount of damages, date, size, or manner of purchase, the type of purchaser, and even the specific document influencing the purchase will not render the claim atypical in most securities actions.")

In any event, as we previously held in our prior decision certifying the class, should the need arise to partition the separate claims or damages, the Court may employ at a later

_____

[6]In this case, the same course of conduct (i.e. the alleged omissions and misstatements in the Prospectus) affected the named plaintiffs and class members.

time several devices, such as "the possibilit[y] of bifurcating liability and damage trials, decertifying the class after the liability trial, and creating subclasses." See July 19, 2005 Opinion at 28, quoting In re Visa Check/MasterMoney, 280 F.3d at 145.

## CONCLUSION

For the foregoing reasons, MetLife's motion to vacate this Court's July 19, 2005 Order certifying a class in this action must be and is hereby DENIED in all respects.

/s/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York

May 9, 2007