UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

In Re METLIFE
DEMUTUALIZATION
LITIGATION

CV 00-2258
(TCP)(AKT)

**MEMORANDUM** and
**ORDER**

------------------------------------X

PLATT, District Judge.

Defendants say that in weighing a motion for a stay pending appeal, courts weigh among other factors the public interest that may be affected.

In the case at bar, it seems to this Court that the paramount interest of the public is in making sure that justice is done between the majority and the minority policyholders of Met Life and that the basic principle that "no man can serve two masters" be observed. The former attorneys for all of the Met Life policyholders prior to and continuing into the demutualization, as evidenced among other things by their rendering of tax advice to the former policyholders, are now claiming to have received and to be receiving confidential attorney-client privileged communications from the new stockholders.[1]

This Court is not in possession of these alleged privileged communications which may or may not be material, but the fact is that the Defendants are claiming that the statements may not be revealed to their "former" clients when decisions were made which may have adversely

---

[1] The attorneys for all of the policyholders before the demutualization should have realized at the moment it became evident that the policyholders were being given an option of receiving new shares or cash that they were being placed in the unsustainable position of representing two groups with potential conflicting interests and that both groups should have independent representation. Having not taken this elementary precaution, neither these attorneys nor their new clients may claim attorney-client privilege with respect to any communication between them that had or may have had any effect in the representation of the former clients.

effected their then clients' interests.

In light of these facts, the other factors advanced by the Defendants are relatively unimportant. Plaintiffs are certainly entitled to be aware of the advice furnished to the former policyholders/new stockholders which was not disclosed to them and may have caused them to make a decision which they would not have made had they been given the undisclosed material communications. The attorney-client privilege was not designed for this. The Defendant's motion (1) for stays pending appeal should be **DENIED** and (2) for reversal of this Court's order sustaining Plaintiff's objection to the magistrate order should also be **DENIED**.

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
November 26, 2007