★ NOV 0 4 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEMORANDUM AND ORDER
REGARDING NOTICE AND HEARING
ON APPROVAL OF PROPOSED
SETTLEMENT

*In re* METLIFE DEMUTUALIZATION
LITIGATION

00 CV 2258

This class action challenges the accuracy of notice to voters in an insurance company demutualization. Trial commenced on Monday, November 2, 2009, with the swearing in of a jury. A related class action titled *Fiala, et al. v. Metropolitan Life Insurance Company, et al.*, Index No. 601181/2000, is pending in New York Supreme Court in and for New York County.

For facts of the relevant litigations, *see In re MetLife Demutualization Litig.*, 156 F. Supp. 2d. 254 (E.D.N.Y. 2001) (denying MetLife's motion to dismiss); *In re MetLife Demutualization Litig.*, 322 F. Supp. 2d. 267 (E.D.N.Y. 2004) (denying MetLife's motion to dismiss); *In re MetLife Demutualization Litig.*, 229 F.R.D. 369 (E.D.N.Y. 2005) (certifying plaintiff class), *pet. for interlocutory appeal denied* No. 05-8020 (2d Cir. March 29, 2006); *In re MetLife Demutualization Litig.*, 624 F. Supp. 2d 232 (E.D.N.Y. 2009) (denying cross-motions for summary judgment); *Shah v. Metropolitan Life Ins. Co.*, Nos. 108887/2000 & 601181/2000, 2003 WL 728869 (N.Y. Sup. Ct. Feb. 21, 2003) (granting defendants' motion to dismiss); *Fiala v. Metropolitan Life Ins. Co.*, 6 A.D.3d 320 (N.Y. App. Div. 2004) (reversing in part decision on defendants' motion to dismiss); *Fiala v. Metropolitan Life Ins. Co.*, 235 N.Y.L.J. 106, No. 601181/2000, 2006 N.Y. Misc. LEXIS 4092 (N.Y. Sup. Ct. June 2, 2006) (certifying plaintiff class); *Fiala v.*

*Metropolitan Life Ins. Co.*, 17 Misc.3d 1102(A), No. 601181/2000, 2007 WL 2772230
(N.Y. Sup. Ct. Aug. 28, 2007) (unreported disposition) (approving procedure for class
notification); *Fiala v. Metropolitan Life Ins. Co., 52 A.D.3d 251* (N.Y. App. Div. 2008)
(affirming class certification as modified).

Out of the presence of the jury, the court requested a report from Richard J. Davis,
Esq., Special Master to facilitate settlement. Mr. Davis reported that the parties had
agreed to a joint settlement of this action and the *Fiala* action. The settlement was
subject to approval by this court in this action and by the state court in *Fiala.*

With the parties' consent the jury was dismissed. This court made an oral
statement and order summarized below.

The terms of the settlement are as follows: Defendants have agreed to pay
$50,000,000 in money damages in a combined joint settlement of this and the *Fiala*
action. Fees and expenses of class counsel allocated by the courts will be paid from the
settlement amount. Damages will be distributed to the class by paying $2,500,000 to a
non-profit health research organization or "charity" to be agreed upon by the parties
under the cy pres doctrine. Allocation of the remainder (after deduction of plaintiffs'
attorneys' fees and expenses) shall be assigned to the "closed block" established in the
demutualization of defendant Metropolitan Life Insurance Company for the benefit of
insured persons. Both this action and the *Fiala* action will be dismissed with prejudice,
with appropriate releases. The parties have not agreed on a minimum or maximum
amount for attorneys' fees and expenses for the class; these sums will be determined and
apportioned by this court in this action and by the state court in *Fiala.* Notice is to be

2

given to the class members by newspaper publication only. Defendants will bear the costs of publication.

A single notice will be published for the federal and state actions. Provided will be a joint approval hearing before the federal and state courts.

Details will be agreed to by the parties in a Stipulation of Settlement. Counsel for the plaintiffs in this action, counsel for the plaintiffs in *Fiala* and counsel for the defendants all confirmed on the record that all parties had agreed to the terms of the settlement as outlined above.

The courts direct the parties to submit a proposed Stipulation of Settlement and a proposed Order regarding notice to the class members not later than November 5, 2009. The notice will be published in a form to be set out in the proposed Order, twice in the week of November 9 and twice in the week of November 16, in each of *USA Today*, *The Wall Street Journal*, *The New York Times*, and *The New York Law Journal*. The notice shall be combined for this action and the *Fiala* action. The defendants shall give notice of the settlement, no later than November 19, 2009, to the Superintendent of Insurance of the State of New York.

This action is not controlled by the procedural requirements of 28 U.S.C. §§ 1711-1715, as added by the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides that it applies only to actions commenced after the date of its enactment, February 18, 2005. *See* CAFA § 9; 28 U.S.C. § 1332 note. CAFA does not apply because this action was commenced on April 18, 2000. The settlement of this action is subject to the requirements of Section 27(a) of the Securities Act of 1933, 15 U.S.C.

3

§ 77z-1(a), and Section 21D(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a), both as added by the Private Securities Litigation Reform Act of 1995.

Arranging for notice by publication to class members and to the Superintendent of Insurance shall be defendants' responsibility.  In accordance with the parties' agreement and the courts' discretion, the defendants shall bear the costs of notice.  Plaintiffs' counsel shall cooperate with defendants to facilitate the giving of notice.  Counsel for the defendants shall notify the court promptly after notice has been completed.

Class members' objections to the settlement shall be in writing received by the Clerk of this court or of the New York Supreme Court, New York County, not later than December 24, 2009, or orally at the fairness hearing.

With the consent of the parties, the undersigned and The Honorable Shirley Werner Kornreich, Justice of the New York Supreme Court, to whom the *Fiala* action has been assigned, have consulted in private.  The judges and the parties agree that all of those concerned have waived any venue and jurisdiction objections to a joint hearing on the settlement of the *Fiala* action and this action to be held in the Eastern District of New York.

The joint fairness hearing shall be held in the United States Courthouse in Brooklyn, New York, on December 30, 2009 at 10:00 A.M.  The parties shall submit a proposed order of approval of the settlement prior to December 31, 2009.  The two courts will make a joint final decision on whether or not to approve the settlement as soon as practicable thereafter.

4

In accordance with the broad discretion in directing class notice under the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules, notice shall be given in a reasonable manner. Reasonable notice shall include the time and place of the hearing, the time and method for making objections and enough information about the proposed settlement to permit class members to form objections in an informed manner.

The best practicable notice under the circumstances is notice by publication in newspapers. In view of the millions of members of the class, notice to class members by individual postal mail, email, or radio or television advertisements, is neither necessary nor appropriate. The publication notice ordered is appropriate and sufficient in the circumstances. The timeline for notice provides reasonable, appropriate and ample opportunity for class members to oppose the settlement if they wish to do so. *See County of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1422, 1424 (E.D.N.Y. 1989).

State and federal civil rules authorize, but do not require, a court to conduct a preliminary review of the settlement agreement for probable reasonableness before notice is sent to the class. Based on the information now available, it is probable that the settlement will be found fair, reasonable, and adequate. In making this preliminary finding, key documents in the case have been considered, and an extended series of hearings and rulings in preparation for trial have been made.

The Special Master for settlement, Richard J. Davis, is a distinguished and experienced counsel appointed at the parties' unanimous suggestion. The Special Master has engaged in extensive discussions with the parties. He recommends approval of the settlement.

5

This case and *Fiala* have been pending for some nine years.  During that time, the facts and the law have been thoroughly explored under adversarial conditions.  There has been extensive litigation in the trial court and Appellate Division in the state case and in the District Court and Court of Appeals for the Second Circuit in the federal case, including, among other matters, summary judgment, class certification, and an attempted appeal of certification of a class.

Settlement negotiations have been conducted at arm's length, after full discovery.  Counsel for the parties are experienced in similar litigation.  They have been able to accurately assess the merits of their positions and to determine what is a reasonable settlement.

Several considerations are relevant to whether a settlement is fair, reasonable and adequate.  First is the strength or weakness of the case on the merits, in comparison to the amount offered in settlement.  The state substantive law on corporate functions and on demutualization has a strong bearing on the case, but the substance of this case is controlled by federal substantive statutes and the regulations of the Securities and Exchange Commission.  The parties appear to have reached an appropriate balance of risks and benefits for all of those involved in this complex litigation.  The total settlement amount and its division recognizes this practical balance in a pragmatic way.  It provides advantages to all parties at relatively small additional cost to any of them.  The cy pres portion of the settlement provides indirect benefit to those relatively few members of the class who will not benefit from the closed block portion of the settlement.  That latter

6

portion of the settlement will benefit a large number of class members who hold policies, without substantially adversely affecting shareholders of defendant.

The second consideration is whether there has been collusion. There has been no evidence of collusion. Each side has been strongly opposed by the other.

A third element is the reaction of the class members to the settlement. The courts will decide this matter based upon the hearing on approval of the settlement. It is expected that the number of objections will be minimal relative to the size of the class.

A fourth criterion is the stage of the litigation. Here the cases are fully matured. The parties conducted discovery in a highly skillful and thorough manner. This case was settled as the trial began. All parties were thoroughly prepared on the law and the facts.

An additional factor in determining the fairness of the settlement is the amount of the class counsel's fees. The state and federal courts will ensure that the fees of the state and federal plaintiffs' counsel are reasonable. Plaintiffs' counsel shall inform the court of any agreement as to division of fees. The communication may be filed under seal, with the understanding that the documents may be unsealed by order at any time.

The courts will approve the settlement only after a hearing and a finding that the settlement is fair, reasonable and adequate. The only finding that the courts are making now is that approval is probable, based on the available information, subject to a further hearing.

Any agreement between or among the parties or counsel bearing on the settlement's reasonableness shall be filed with this court. Filing may be under seal, subject to the courts' power to order unsealing.

7

Where, as here, a class action has been certified and class members have had a previous opportunity to request exclusion by opting out of the class, the court may afford individual class members a new opportunity to request exclusion, but it is not required to do so. In the present cases there shall not be provided a second opportunity for exclusion. The administration of any new exclusions procedure would be expensive. The number of policyholders who would opt out now, after failing to exclude themselves previously, is likely to be minimal to the vanishing point.

Any class member may object to the settlement within the time specified above. Objections may be withdrawn only with court approval.

Date:   November 4, 2009
        Brooklyn, New York

                                    SO ORDERED.

                                    Jack B. Weinstein
                                    Senior United States District Judge