UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
*In re* METLIFE DEMUTUALIZATION LITIGATION.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: No. 00 CV 2258 (JBW) (AKT)
:
: Judge Weinstein

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EUGENIA J. FIALA, *et al.*,

                               Plaintiffs,

     vs.

METROPOLITAN LIFE INSURANCE COMPANY, *et al.*,

                               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Index No. 601181/2000
:
: Justice Kornreich

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO OBJECTOR STEVEN WALDMAN'S MOTION FOR A JOINT AWARD OF ATTORNEYS' FEES TO COUNSEL

Duncan J. Logan
METROPOLITAN LIFE
   INSURANCE COMPANY
1095 Avenue of the Americas
New York, NY 10036

Bruce E. Yannett
Carl Micarelli
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
beyannett@debevoise.com
cmicarelli@debevoise.com

                       *Attorneys for Defendants*

February 5, 2010

23131120v1

Defendants oppose objector Steven Waldman's motion for an award of fees to his counsel. Contrary to the premise of Waldman's motion, his objection did not result in any change in the terms of the settlement or benefit to the Court's consideration of the settlement, much less a significant benefit to the members of the class. He therefore has no basis to seek attorneys' fees.

## BACKGROUND

On November 5, 2009, plaintiffs and defendants in *In re MetLife Demutualization Litigation* and *Fiala v. Metropolitan Life Insurance Company* reached a Stipulation of Settlement of these two class actions, subject to approval of both Courts. A key feature of the Stipulation of Settlement was the allocation of the bulk of the settlement fund to the closed block established in the Plan of Reorganization (the "Plan") of Metropolitan Life Insurance Company ("MetLife"). Because MetLife is already administering the closed block for the benefit of closed-block policyholders in accordance with the requirements of the Plan, the structure of the settlement permits the delivery of value to the class members with minimal administrative costs. *See* Micarelli 2/5/2010 Aff. ¶ 2 & Ex. A § 16(c).

Steven Waldman, a former policyholder who recently brought a derivative action against MetLife's directors related to these actions, was one of the objectors to the settlement. *See id.* ¶ 3. Among other things, Waldman objected that the Stipulation of Settlement does not restrict MetLife's discretion to choose and value assets that are added to the closed block and that the Stipulation of Settlement does not restrict the timing of distribution of assets from the closed block. *See id.* ¶ 4 & Ex. B.[1]

---

[1] Waldman also made, and MetLife responded to, other objections not relevant here, including an objection questioning the financial health of the closed block and an objection to the manner of giving notice to the class.

23131120v1

In response, defendants submitted a declaration of Michael J. Harwood and a memorandum of law explaining that those matters are regulated by the Plan under the supervision of the New York Department of Insurance (the "Department"). *See id.* ¶ 5 & Exs. C-D. The Plan requires the market value of assets transferred to, from or within the closed block to be determined in accordance with guidelines approved by the Department, *id.* Ex. E § 8.2(b)(v), and the Department requires such assets to be valued either by established public markets or through an arm's length third-party valuation, *id.* Ex. C ¶ 4. The Plan also requires that the closed block be administered with the objectives of exhausting the closed-block assets with the last policy claim while minimizing tontine effects (*i.e.*, buildups of assets that would favor later-to-die policyholders), and the Department regularly monitors the Closed Block to ensure that it approximates the "glidepath" that was set up to ensure that the Closed Block meets those goals. *Id.* Ex. E § 8.2(d)(i); Ex. C, ¶¶ 5-6, 9, 12. In part, these submissions simply restated the description of the closed block investment policy contained in Part One of the Policyholder Information Booklet mailed to policyholders in connection with the demutualization, which already explained that MetLife did not have unfettered discretion with regard to closed block assets or dividend policy. *See id.* Ex. F at 46-47.

After receiving these responses, Waldman withdrew his objection at the fairness hearing on the settlement. *Id.* Ex. G at 32-34. Subsequently, Waldman submitted the instant application for fees in both the state and federal cases, alleging his objection had improved the settlement.

## ARGUMENT

**I. New York State Law Does Not Authorize An Award of Fees to Waldman's Counsel in the *Fiala* Action.**

Under New York state law, regardless of the merit or lack of merit in an objection, an award of attorneys' fees to an objector's counsel is not authorized. By its terms, CPLR 909 only

authorizes the Court to award fees "to the representatives of the class." No provision authorizes awards to objectors, and Waldman does not cite any New York state-court case making such an award. Indeed, in *Flemming v. Barnwell Nursing Home and Health Facilities, Inc.*, 56 A.D.3d 162 (3d Dep't 2008), *lv. granted*, 13 N.Y.3d 710 (2009), the Appellate Division held that CPLR 909 precludes any award of fees to counsel for an objector:

> While the Legislature has provided for the payment of counsel fees to class representatives in class actions, either from the judgment or settlement fund or directly from the defendant, the statute does not provide for the payment of counsel fees to any other party or individual. [Citations.] As counsel fees are not statutorily permitted for anyone but class counsel, the court could not award fees to [objector's] counsel.

*Id.* at 168. For this reason, Waldman's motion in the *Fiala* case must be denied.[2]

## II. Under Federal Law, an Award of Fees to Waldman's Counsel in the Federal Action Would Be Inappropriate.

Under federal law, District Courts have discretion to award fees to objectors' counsel where "the participation of objectors assisted the court and enhanced the [class] recovery." *In re Currency Conversion Fee Antitrust Litigation*, No. M21-95, --- F.R.D. ---, 2009 U.S. Dist. LEXIS 98291, *65 (S.D.N.Y. Oct. 22, 2009) (quoting *White v. Auerbach*, 500 F.2d 822, 828 (2d Cir. 1974)). But here, the settlement did not change at all as a result of Waldman's objections or otherwise. One of the reasons the parties chose the closed block as a means of distributing value was that the necessary mechanisms for protecting policyholders were already in place under the terms of the Plan, eliminating the administrative costs that would be associated with developing new procedures for distributing assets to class members. Waldman's objection did not result in any amendment to the terms of the Stipulation of Settlement or any new commitment on the part

---

[2] Even if the *Fiala* Court had discretion to award such fees, they should be denied for the reasons stated below in connection with the federal case.

3

of MetLife. Waldman only elicited an explanation of how the closed block already works to protect policyholders under the terms of the Plan. *See* Micarelli 2/5/2010 Aff. ¶¶ 2, 6.

For that reason, this case is unlike *Denney v. Jenkins & Gilchrist*, 230 F.R.D. 317 (S.D.N.Y. 2005), *aff'd in part and vacated in part*, 443 F.3d 253 (2d Cir. 2006), in which objectors had led the parties to "remov[e] certain ambiguities that might have worked to the detriment of class members in subsequent proceedings." *Id.* at 354. Waldman also cannot rely on *Park v. Thomson Corp.*, 633 F. Supp. 2d 8, 11 (S.D.N.Y. 2009), in which the parties amended their settlement agreement in response to concerns raised by objectors and the court, or on *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, Civ. No. 05-11148-PBS, 2009 U.S. Dist. LEXIS 97364, *6-7 (D. Mass. Oct. 20, 2009), or *UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, No. 05-cv-01141-MSK-BNB, 2008 U.S. Dist. LEXIS 87842, *17-18 (D. Colo. Sept. 30, 2008), in which the objection led to a substantial reduction in class counsel's fees. This case also is not like *Howes v. Atkins*, 668 F. Supp. 1021, 1027 (E.D. Ky. 1987), in which the objectors' inability to pursue fraud after conducting vigorous discovery helped convince the court of the fairness of a settlement about which the court had had doubts, or like *Frankenstein v. McCrory Corp.*, 425 F. Supp. 762, 767 (S.D.N.Y. 1977), and *In re Elan Securities Litigation*, 385 F. Supp. 2d 363, 377 (S.D.N.Y. 2005), in which the court awarded fees because it found the objectors' presentation helpful in understanding the issues involved in evaluating the fairness of the settlement.

Objectors "are not entitled to fees" in the absence of "a showing that objectors substantially enhanced the benefits to the class under the settlement." *In re Currency Conversion*, *supra*, 2009 U.S. Dist. LEXIS 98291, at *65 (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002)). Federal courts have not hesitated to deny fees where, as

4

here, the objectors have conferred no significant benefit on the class. *See, e.g., id.* at *64-66 (denying fees where objectors "did little to aid this court"); *In re Cardinal Health, Inc. Sec. Litig.*, 550 F.Supp.2d 751, 753 (S.D. Ohio 2008) (denying fees where objectors "contributed little of value"); *In re Excess Value Ins. Coverage Litig.*, 598 F. Supp. 2d 380, 393 (S.D.N.Y. 2005) (denying fees to objectors, even though changes were made in response to objections, where changes did not "appreciably . . . benefit[] the class"). Like the objectors in those cases, Waldman made no contribution to the settlement of the action, much less a contribution that substantially benefited the class.

## CONCLUSION

For these reasons, objector Steven Waldman's motion for attorneys' fees should be denied in both the state and federal cases.

Dated: New York, New York
       February 5, 2010

Respectfully submitted,

Bruce E. Yannett
Carl Micarelli
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
beyannett@debevoise.com
cmicarelli@debevoise.com

Duncan J. Logan
METROPOLITAN LIFE
    INSURANCE COMPANY
1095 Avenue of the Americas
New York, NY 10036

*Attorneys for Defendants*

By: /s/ Carl Micarelli
     Carl Micarelli